UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

00 JUN -6 AM 11:20

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALEXIS M. HERMAN, Secretary of
the United States Department
of Labor,

        Plaintiff,

v.                       CV-92-H-2858-NE

SOUTH CAROLINA NATIONAL
BANK, et al.

        Defendants.

ENTERED

JUN - 6 2000

## SETTLEMENT AGREEMENT, MUTUAL GENERAL RELEASE, AND FINAL CONSENT ORDER

Plaintiff Alexis M. Herman, Secretary of the United States Department of Labor ("Secretary"), brought this action against South Carolina National Bank ("SCNB") and the Fickling Defendants[1] pursuant to the Employee Retirement

---

[1] For the purposes of this Settlement Agreement, Mutual General Release, and Final Consent Order, the Fickling Defendants will be those named in the Secretary's proposed Second Amended Complaint: William A. Fickling, Jr.; Bank of South Macon, Trustee under Agreement of William A. Fickling, Jr., Self-Employee Retirement Plan; Neva L. Fickling; William A. Fickling, III; Jane F. Skinner; Julia C. Fickling; Roy H. Fickling; Claudia F. Fickling; Katherine M. Wright; Virginia M. Rabun; W&J Capital Company, Ltd., a Georgia Limited Partnership; J&R Capital Company, Ltd. a Georgia Limited Partnership; the Citizens & Southern Trust Co. (Georgia), National Association (NationsBank of Georgia, N.A.) and William A. Fickling, Jr. as Trustee under Agreements dated July 30, 1974 with William A. Fickling and Claudia F. Fickling for William A. Fickling, III., Jane Dru Fickling, Julia Claudia Fickling, Katherine Darden Wright, Roy Hampton Fickling, Virginia M. Rabun, and William F. Monfort, Jr.; as well as Claudia Hampton
(continued...)

Income Security Act of 1974 ("ERISA"). The Secretary's complaint alleges violations of ERISA §§ 404(a)(1)(A) & (B) and 406(a)(1)(A) & (D), 29 U.S.C. §§ 1104(a)(1)(A) & (B) and 1106(a)(1)(A) & (D). In particular, the Secretary alleges that SCNB (now merged into Wachovia Bank, National Association), then acting as the Charter Medical Corporation ESOP's trustee, caused the ESOP to purchase Charter Medical Corporation stock from the Fickling Defendants for more than its fair market value on February 15, 1990.[2]

On November 13, 1996, this Court entered a Consent Order disposing of the Secretary's claims for non-monetary relief against SCNB only. The parties to the Secretary's action have since negotiated an agreement to settle any and all remaining claims and issues arising under the Secretary's complaint and have agreed to the entry of this Settlement Agreement, Mutual General Release, and Final Consent Order ("Agreement and Consent Order") as the sole and complete memorialization of that agreement.

The parties agree that nothing in this Agreement and Consent Order constitutes a finding of liability by the Court or an admission of liability by any party.

---

[1](...continued)
   Enterprises, Inc.; and Arthur Dru Enterprises, Inc.

[2] All subsequent references herein to "SCNB" include SCNB's successor-in-interest, Wachovia Bank, N.A.

The defendants expressly waive, release and forever discharge any and all claims which they have or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation incident thereto. In particular, the defendants expressly waive any and all claims under the Equal Access to Justice Act (Pub. Law No. 96-481 [1980], reenacted at Pub. Law No. 99-80 [1985] and amended at Pub. Law No. 104-121 [1996]) which they have or may have against the Secretary and the Department of Labor, or any of their officers, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the filing, prosecution, and maintenance of this action or investigation incident thereto.

SCNB and the Fickling Defendants expressly waive, release, and forever discharge any and all claims, actual and potential, known and unknown, that they have or may have against or among one another or against any of their respective officers, directors, agents, attorneys, employees, or representatives, relating to, arising out of or in connection with the matters, transactions, events, acts and omissions that were or could have been alleged in the Secretary's complaint, including without limitation any and

all claims for indemnity, contribution or breach of any representation or warranty.

The Secretary expressly waives, releases and forever discharges any and all claims which she has or may have against the defendants, their officers, directors, agents, attorneys, employees, or representatives, relating to, arising out of, or in connection with the matters, transactions, events, acts, and omissions alleged in the Secretary's complaint, including without limitation any and all claims arising from or relating to the Fickling Defendants' sale of stock to the ESOP and to SCNB's actions or inactions on behalf of the ESOP.

The undersigned attorneys acknowledge and represent that they are authorized and empowered to execute this Agreement and Consent Order on behalf of the respective parties and agree that the Agreement and Consent Order may be executed in counterpart originals.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

1. The parties agree that the Court has personal jurisdiction over the parties, that venue is proper, and that the Court is empowered to provide the relief herein.

2. The entry of this Agreement and Consent Order constitutes full and complete resolution of all remaining claims and issues arising under the Secretary's complaint

without the need for trial or adjudication of any issue of fact or law raised in the complaint. In this regard, the parties expressly waive findings of fact and conclusions of law. Nothing in this Agreement and Consent Order constitutes a finding of liability by the Court or an admission of liability by any party.

3.  SCNB agrees to pay a total of thirty million dollars ($30,000,000.00) to fully settle the Secretary's remaining claims against SCNB as described above as well as any liability SCNB may have with respect to the statutory penalty set forth in ERISA § 502(l), 29 U.S.C. § 1132(l) in connection with the settlement of this case and this Agreement and Consent Order. SCNB will disburse the thirty million dollars as follows:

a. SCNB will pay twenty-five million dollars ($25,000,000.00) to the ESOP (now the Magellan Health Services, Inc. Employee Stock Ownership Plan) by the later of (i) June 15, 2000 and (ii) five (5) days after entry of this Agreement and Consent Order.

b. SCNB will disburse five million dollars ($5,000,000.00) to the Mediator (Thomas J. Klitgaard, Esq.) by the later of (i) June 15, 2000 and (ii) five (5) days after entry of this Agreement and Consent Order. The Mediator shall hold the funds in an appropriate interest-bearing account pending final resolution of SCNB's liability

for the penalty set forth in ERISA § 502(l), 29 U.S.C. § 1132(l), and shall obtain a bond satisfactory to the Secretary which conforms to the requirements of ERISA section 412, 29 U.S.C. § 1112. After final determination of the amount payable by SCNB pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), the Mediator shall, with the concurrence of the Secretary, pay the amount determined to the United States Treasury[3], and shall disburse any funds which are not necessary for payment of the penalty to the ESOP.

    4. William A. Fickling, Jr. agrees to pay twelve million dollars ($12,000,000.00) to the ESOP on or before August 1, 2000. In the event that full payment is not made by defendant William A. Fickling, Jr., pursuant to this paragraph, to the ESOP on or before August 1, 2000, defendants Neva L. Fickling, William A. Fickling, III, Jane F. Skinner, Julia C. Fickling, Roy H. Fickling, as well as Claudia Hampton Enterprises, Inc., and Arthur Dru Enterprises, Inc. shall each be jointly and severally liable for the lesser of (a) the full amount due ($12,000,000.00), or (b) the difference between the full amount due and any amounts paid by defendant William A. Fickling, Jr., pursuant to this paragraph. Each of the above-named defendants agree

---

[3] The check for the penalty amount should be sent to the United States Department of Labor, Civil Penalty Collection, P.O. Box 100240, Atlanta, Georgia 30384-0240.

to take no action in any way to impede, delay or prevent the collection by the Secretary of the amount due under this paragraph from any of the defendants named in this paragraph.

5. Unless otherwise agreed to in writing by the Secretary and the Trustee of the ESOP, and except as provided in paragraph 6 of this Agreement and Consent Order, all of the funds paid to the ESOP pursuant to paragraphs 3 and 4 of this Agreement and Consent Order shall be allocated to accounts for the ESOP's past and present participants and beneficiaries (other than the defendants) who had a vested interest in such accounts in proportion to the percentage of stock that was allocated or reallocated to their vested interest in such accounts in connection with the February 15, 1990 stock purchase, irrespective of whether they have previously received distributions from the ESOP. In determining these percentages, the stock that was allocated or reallocated to the defendants' vested interest shall be ignored. The settlement proceeds shall not be invested in employer securities (such as Magellan Health Services Inc. stock), but in cash or cash equivalent investments or such other investments as the participant or beneficiary directs in accordance with the terms of the Plan, and no portion of the proceeds or the earnings thereon shall be distributed from the ESOP in the form of employer securities. The defendants expressly waive any and all rights or claims that

they may have as past or present participants or beneficiaries of the ESOP to any of the settlement proceeds or to the allocation or distribution of any of the settlement proceeds to themselves or their accounts.

6. The Trustee of the ESOP may use settlement proceeds to defray reasonable plan expenses incurred in implementing the terms of the Agreement and Consent Order. These expenses may include, but are not limited to, any fees and expenses incurred by the Trustee and Magellan Health Services, Inc. ("Magellan") to reconstruct the accounts of participants and beneficiaries of the ESOP and to locate missing participants and beneficiaries; provided, however, (a) the Trustee must approve the payment or reimbursement of expenses of Magellan, and (b) the Trustee must determine that all such expenses are described in ERISA § 404(a)(1)(A)(ii).

7. Neither SCNB nor the Fickling Defendants shall have any responsibility for compliance with the provisions of paragraphs 5 and 6 regarding the use, expenditure or investment of the settlement proceeds by the Trustee of the ESOP. The Fickling Defendants' obligations under this Agreement and Consent order cease upon the payment of the amount in paragraph 4. SCNB's obligations under this Agreement and Consent order cease upon the payment of all amounts in paragraph 3.

8. Within ten (10) days of payment of the amounts set forth in paragraphs 3 and 4, the defendants will provide copies of all checks and other evidence of payment of the amounts to:

> United States Department of Labor
> Plan Benefits Security Division
> P.O. Box 1914
> Washington, D.C. 20013
> Attn: Michael Schloss

9. Nothing in this Agreement and Consent Order is binding on any governmental agency other than the United States Department of Labor.

10 The Court shall retain jurisdiction for purposes of enforcing the terms of this Agreement and Consent Order. Such jurisdiction shall, however, cease with respect to the Fickling Defendants upon payment of the full amount specified in paragraph 4.

11. The Court, finding there is no just reason to delay the entry of this Agreement and Consent Order, expressly directs the entry thereof as a final order.

June 6, 2000
Dated

_James W. Haneth_ (signature)
United States District Judge

The parties, by themselves or by their undersigned counsel, hereby consent to the entry of this Agreement and Consent Order:

FOR THE SECRETARY OF LABOR:

By: _[signature]_      Dated: 5/16/00
Timothy Hauser
Michael Schloss
Leslie Perlman
United States Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013
(202) 219-4600


FOR SOUTH CAROLINA NATIONAL BANK (WACHOVIA BANK, N.A.):

By: _____      Dated: _____
James S. Christie, Jr.
Michael R. Pennington
Bradley, Arant, Rose & White
2001 Park Place Tower
Suite 1400
Birmingham, Alabama 35203


FOR THE FICKLING DEFENDANTS:

By: _[signature]_      Dated: 5/12/00
William J. Kilberg
Paul Blankenstein
Gibson, Dunn & Crutcher, LLC
1050 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

The parties, by themselves or by their undersigned counsel, hereby consent to the entry of this Agreement and Consent Order:

FOR THE SECRETARY OF LABOR:

By: _____     Dated: _____
    Timothy Hauser
    Michael Schloss
    Leslie Perlman
    United States Department of Labor
    Office of the Solicitor
    Plan Benefits Security Division
    P.O. Box 1914
    Washington, D.C. 20013
    (202) 219-4600


FOR SOUTH CAROLINA NATIONAL BANK (WACHOVIA BANK, N.A.):

By: /s/ James S. Christie, Jr.     Dated: 6/2/00
    James S. Christie, Jr.
    Michael R. Pennington
    Bradley, Arant, Rose & White
    2001 Park Place Tower
    Suite 1400
    Birmingham, Alabama 35203


FOR THE FICKLING DEFENDANTS:

By: _____     Dated: _____
    William J. Kilberg
    Paul Blankenstein
    Gibson, Dunn & Crutcher, LLC
    1050 Connecticut Avenue, N.W.
    Suite 900
    Washington, D.C. 20036

FOR THE MEDIATOR:

By: _____     Dated: _____
    Thomas J. Klitgaard
    Dillingham & Murphy, LLP
    225 Bush Street, 6th Floor
    San Francisco, California 94101


FOR THE ESOP AND ITS TRUSTEE:

By: *[signature: Charles C Wert]*     Dated: *May 18, 2001*
    Charles E. Wert
    Executive Vice President
        and Senior Trust Officer
    U.S. Trust Co. National Association

FOR THE MEDIATOR:

By: *Thomas J. Klitgaard*　　　　Dated: _____
　　Thomas J. Klitgaard
　　Dillingham & Murphy, LLP
　　225 Bush Street, 6th Floor
　　San Francisco, California 94101


FOR THE ESOP AND ITS TRUSTEE:

By: _____　　　Dated: _____
　　Charles E. Wert
　　Executive Vice President
　　　and Senior Trust Officer
　　U.S. Trust Co. National Association